PATRICK WARD, for the use, &c., &c., v. J. A. S. ACKLEN and Wife.

A plea of payment which makes no reference to the date and manner of payment, but which states
that at the request of plaintiff the several sums were paid to the persons named, who were hands
in his employment, is sufficiently explicit to authorize the reception of proof to sustain the plea.

APPEAL from the District Court of West Feliciana, *Sterling*, J.
     *Ratliff & Wickliffe*, for plaintiff.  *Brewer, Collins, Phillips* and *John R.
Grymes*, for defendant and appellant.

CAMPBELL, J.  (VOORHIES, J., absent.)  This suit was instituted for the sum
of $17,248 60, or thereabouts, alleged to be due by the defendants, for work
and labor performed by plaintiff in erecting an extension levee on the plantation
of defendants, during the years of 1851–2, and for provisions, cooking utensils,
tools, etc., sold them for the use of their plantation 31st January and 1st Feb-
ruary, 1852.

The defendants admit that they entered into a contract with *O'Shannessey &
Daly* for the construction of a levee, and that the work was performed, but aver
that all the work done for them and all the materials received by them from
those engaged in constructing the levee, have been fully paid for.

In a supplemental answer, the payments relied on are set forth.

The case was tried by a jury, who rendered a verdict in favor of plaintiff for
$7,674 46 for work and labor done on the levee, and for the sum of $893 on the
account sued on, with interest from judicial demand.  The court below approv-
ing the verdict of the jury rendered judgment in conformity thereto, from
which judgment this appeal has been prosecuted.

We find in the record some twenty bills of exception, or more, taken to the
rulings of the Judge on the trial, but deem it unnecessary to examine all of
them, as the Judge appears generally to have decided correctly, and no princi-
ple of law would be settled by such decisions, which is not familiar and of fre-
quent application.

In the 9th bill of exception, the question is presented whether or not, the
evidence offered by defendants to establish payment was properly rejected.

57

It has been seen that in the original answer, payment was pleaded generally. In the amended answer, the names of the persons to whom the payments were made and the amounts paid, were specifically set forth, and in many instances the dates of such payments. A portion of them, however, (those referred to in the bill of exceptions No. 9) were stated in the answer without reference to the date of payment, though it was expressed that the several sums were paid at the request of plaintiff to the persons named, who were hands in his employment.

The District Judge being of opinion that the plea of payment was not sufficiently explicit as to dates and the manner of payment, rejected the evidence. We think that in coming to this conclusion, he construed too strictly the rule which requires that payment should be specially pleaded and with sufficient certainty to prevent surprise. We think that the allegations gave sufficient notice that defendants would prove payment of the amounts set forth, to the persons indicated. The verdict and judgment we think fully sustained by the evidence before the jury, but inasmuch as evidence of payments made, which if proved, would have further reduced the demand of plaintiff, was improperly rejected, the case must be remanded to enable defendants to offer such proof.

We have taken the course of affirming the judgment with a qualification, because the case was extremely complicated, occupying a great deal of time in the trial, and appears to have been very accurately considered by the jury. To make this verdict fruitless, would impose unnecessary expense upon the parties and would not promote the ends of justice.

It is for these reasons, ordered, adjudged and decreed that the judgment of the District Court, in so far as it establishes the amount to which plaintiff is entitled on his respective claims, to wit: $14,470 96, and the credits to which defendants are entitled, by virtue of payments proved, to wit: the sum of $5,903, be affirmed, and that the case be remanded solely to ascertain to what further credits, if any, defendants are entitled by virtue of payments alleged by them, in their amended answer, to have been made, with instructions to the District Judge not to reject the evidence offered, under the amended answer, to establish the items contained in bill of exceptions No. 9, on the ground that the plea of payment is not sufficiently explicit as to dates and the manner of payment.

It is further ordered that no execution shall be issued on this judgment, except for the sum of five thousand six hundred and fifty-nine dollars nineteen cents and interest at the rate of $57 per annum from January 10, 1853, which is due, independently of the unascertained credits, until a final decision shall be rendered, ascertaining and establishing the amount, if any, actually due after allowing such additional payments as may be proved. The costs of this appeal to be paid by appellees.

Rehearing refused.